Curia, per Frost, J.
The appellant’s case, as the facts may be collected from the affidavits and the statements of counsel, is, that Biggers rented a piece of land to Steuart for the year 1848, at a rent of forty dollars, for which Steuart gave his note. Steuart continued to occupy the premises until March, 1850, when Biggers having demanded from Steu-art a note for the year’s rent, Steuart “refused to give a note or to pay for rent this year.” On this evidence, the court of magistrates and freeholders, proceeding under the Acts for such cases provided, ordered that Steuart should restore to his landlord possession of the demised premises. It is to redress the supposed illegality of this or tier that the writ of Certiorari has been applied for.
In the case of The State v. Swift and Prioleau, this writ is said to be a common law remedy to correct the errors of law in inferior jurisdictions. It is not a substitute for an appeal ; its office is not to correct errors in fact, but in law. It might be sufficient to remark, that no illegality or usurpation *32 of authority is apparent in the proceeding or in the order whjch has been made j and ¡t ¡s not the proper function of a writ of Certiorari to remove the record, from an inferior ju-rjsc[¡ct¡oa jnt¿ this Court for consideration whether a new trial should be granted on the evidence. By the Acts under which the magistrates and freeholders were empowered to proceed, it is provided that the record of the finding by the magistrates and freeholders “ shall be final and conclusive to the parties in respect to the facts to be decided by it.”
That the tenancy is-determined, is one of the principal facts to be found by the record, as necessary to warrant an order for the restitution of possession to the landlord. The finding of this fact by the record, is conformable to law and th13 evidence. Steuart was a tenant from year to year. The tenancy, it was acknowledged, could only have been determined at the end of the current year, by due notice from the party, desiring to determine it, to the other party. But notice is unnecessary to either party who denies the tenancy. If tenant lor a term of years attorns to a stranger or pays rent, or surrenders possession of the premises to an adversary claimant, he thereby disavows tenancy to the landlord, under whom he entered, and ejectment may be brought against him without notice. Ejectment, without notice, will also lie against a tenant from year to year who disclaims his tenancy by acts or declarations. In Doe, dem. Williams v. Pasquali, Ld. Kenyon says, notice to quit is only necessary when a tenancy is admitted on both sides; and if a defendant denies the tenancy, there can be no necessity for notice to end that says ^as no existence. It has been held, that a refusal to pay rent is not a disclaimer. That may be so. Such refusal may not be inconsistent with an acknow-ledgement of tenancy. The rent'may not be due, or the amount disputed. Payment may be refused because the landlord has not complied with the terms of the demise ; and for the purpose of coercing his compliance. But if the. refusal imports the denial of liability to payment, that is a denial of the tenancy. The tenant must then maintain the possession adversely to his landlord, either in his own right or in the right of another person. In Williams v. Jeffers, it was decided to have been properly submitted to the jury to determine whether the declaration of the tenant amounted to a renunciation of the tenancy. The finding of the magistrates and freeholders may well be sustained on this ground, though contrary to the law propounded by the magistrates at the trial.
The motion is dismissed.
Evans, Wardlaw and Withers, JJ. concurred.

Motion refused.